## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BILLY AND LORI HARRIS** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO.** CIV-14-1070-C |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY and TODD ROWLAND** | § | |
| **INSURANCE, INC.,** | § | |
| **Defendants.** | § | **JURY DEMANDED** |

### DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant, State Farm Fire and Casualty Company

("State Farm") hereby files its Notice of Removal ("Notice"). In support hereof, State Farm

would respectfully show the Court as follows:

1.    On or about May 30, 2014, Plaintiffs Billy and Lori Harris ("Plaintiffs") filed

their Petition ("Complaint") in the matter entitled *Billy and Lori Harris v. State Farm Fire*

*and Casualty Company and Todd Rowland Insurance, Inc.*, Case No. CJ-2014-308, In the

District Court of Canadian County, State of Oklahoma. A copy of this Complaint is attached

as Exhibit 1 hereto, incorporated herein, and made a part hereof for all purposes.

2.    Summonses were issued upon State Farm and Defendant Todd Rowland

Insurance, Inc. ("Rowland") on or about May 30, 2014. An Alias Summons was issued upon

State Farm on September 29, 2014. Attached hereto as Exhibit 2 are true and correct copies of the Summonses and the Alias Summons.

3.    Rowland (who also consents to this removal through the undersigned) has been fraudulently joined in this case because there is evidence that Plaintiffs' jurisdictional allegations are fraudulent and made in bad faith and that Plaintiffs have no possibility of recovery against it.

## NATURE OF THE SUIT

4.    All the causes of action in Plaintiffs lawsuit arise out of a claim they made under their homeowners insurance policy for alleged damage to their house sustained from a wind/hail storm on or about May 31, 2013.  Plaintiffs have brought claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing.

5.    Plaintiffs    have    also    brought    claims    against    Rowland vicariously/jointly/severally for breach of fiduciary duty, negligence in the procurement of insurance, constructive fraud, negligent misrepresentation, negligent underwriting, violations of the Oklahoma Consumer Protection Act, and  breach of the duty of good faith and fair dealing.

## BASIS OF REMOVAL

6.    State Farm was and is a corporation organized in Illinois, with its principal place of business in Bloomington, McLean County, Illinois.  Defendant Rowland is a corporation organized in Oklahoma, with its principal place of business in Oklahoma City,

Oklahoma, but has been fraudulently joined in this action in order to defeat diversity jurisdiction. Upon information and belief, the Plaintiffs are citizens of Canadian County, Oklahoma.

7.     This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. § 1332 in that (1) the Plaintiffs are Oklahoma citizens; (2) Plaintiffs have fraudulently joined Rowland, in that the Plaintiff has a legally insufficient basis for their claims against this non-diverse Defendant, and; (3) the requisite amount in controversy has been satisfied on the face of Plaintiffs' Complaint.

8.     Venue is proper because Canadian County is located within the Western District of Oklahoma. 28 U.S.C. § 1441(a).

9.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. As evidentiary support for this allegation, State Farm relies upon Plaintiff's Complaint.[1]  On the face of Plaintiffs' Complaint, Plaintiffs have pled causes of action against Defendants as jointly and severally liable (including but not limited to vicarious liability) for the injuries they have allegedly sustained out of one transaction or

---

[1]Plaintiffs' failure to comply with the Oklahoma Pleading rules concerning amount in controversy further demonstrates an intention to avoid federal jurisdiction. 12 O.S. § 2012(A)(2) states: Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract. Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.

occurrence.  Federal jurisprudence holds that if multiple defendants jointly harm a common plaintiff, then the claims against these defendants are integrated, and may be aggregated for the purpose of calculating the amount in controversy required for federal jurisdiction. 28 U.S.C.A. § 1332; *Middle Tenn. News Co. v. Charnel of Cincinnati*, 250 F.3d 1077, 1081 (7th Cir. 2001); *Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp. 2d 436 (E.D. Pa. 2001).  On the face of Plaintiffs' Complaint and through a determination of reasonable probability, Plaintiffs have alleged the following claims, aggregated in excess of $250,000:

Breach of Contract:

- State Farm "in excess of $10,000.00"

Breach of the Duty of Good Faith and Fair Dealing (Bad Faith); Actual Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Breach of the Duty of Good Faith and Fair Dealing (Bad Faith); Punitive Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Breach of Fiduciary Duty; Actual Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Breach of Fiduciary Duty; Punitive Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Negligent Procurement; Actual Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Negligent Procurement; Punitive Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Constructive Fraud/Negligent Misrepresentation; Actual Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Constructive Fraud/Negligent Misrepresentation; Punitive Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Negligent Underwriting; Actual Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Negligent Underwriting; Punitive Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Consumer Protection Act; Actual Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

Consumer Protection Act; Punitive Damages:

- State Farm "in excess of $10,000.00"

- Rowland "in excess of $10,000.00"

10.    Defendant State Farm filed its Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). *See Hornbuckle v. State Farm Lloyds*, 2003 WL 21955864 (N.D. Tex).

## FRAUDULENT JOINDER - STANDARD

11.    A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If a defendant can show that a non-diverse defendant was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over the case. *See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent

joinder."). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir.1967); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir.1964).

12.     In this case, Plaintiffs have no possibility of recovery against the non-diverse Defendant and there is evidence that Plaintiffs' jurisdictional allegations are fraudulent and made in bad faith.

13.     Plaintiffs' lawsuit is, at most, a breach of contract dispute between State Farm and Plaintiffs over the value of damages to Plaintiffs' house as a result of a storm.  To avoid federal court jurisdiction, Plaintiffs attempt to graft extra-contractual claims onto a breach of contract/bad faith dispute and join as a non-diverse defendant – a State Farm insurance sales agent – who had no involvement with the Plaintiffs' claim and did not actually take their application.  Plaintiffs' allegations against Rowland  do not provide a basis in law or fact upon which to assert claims for alleged fraud, failure to procure, etc.  His joinder in this lawsuit must be disregarded as sham or improper joinder.

1.     **ROWLAND DID NOT EXIST DURING THE PERIOD CLAIMED BY PLAINTIFFS, AND MADE NO REPRESENTATIONS TO PLAINTIFFS ABOUT THEIR POLICY**

14.     According to Plaintiffs' Complaint, all of Plaintiffs' claims arise out of their May 2013 insurance claim – including the ostensible claims against Rowland for alleged, various misrepresentations (among other, vaguely pleaded claims).  However, contrary to the

allegations in Plaintiffs' Complaint,  Rowland did not exist until August 2013, months after their actual claim, and more than 10 years  after their policy was incepted.  Exhibit 3 (Printout from Oklahoma Secretary of State Corporation Search); Exhibit 4 (Affidavit of Todd Rowland).

15.    Further, Rowland can recall no conversations with Plaintiffs regarding any matters related to their State Farm Homeowners Policy. Exhibit 4.  He did not take Plaintiffs' application for homeowners insurance, advise them regarding the appropriate limits of insurance, or advise them regarding coverage on the Policy at issue in this lawsuit.  *Id.*  While an employee of Rowland may have at some point spoken to Plaintiffs, such would have been after the inception of the policy; moreover, Plaintiffs do not make this allegation in their Complaint, nor do they make an allegation that Rowland is liable under the theory of respondeat superior.   Consequently, there is no reasonable basis for recovery against Rowland for the claims alleged by Plaintiffs in their Complaint.

16.    Plaintiffs' case is an example of a simple value dispute "clothed in legal garb woven with a multitude of legal theories designed to maximize" their gain and impose liability on a third party "because of [the] alleged relationships to the insurance coverage dispute."  *See McLaren v. Imperial Cas. & Indem. Co.*, 767 F. Supp 1364 (N.D. Tex. 1991) (granting summary judgment for agent and finding fraudulent joinder), aff'd, 968 F.2d 17 (5th Cir. 1992), cert. denied, 507 U.S. 915 (1993).  This Court should look past Plaintiffs'

cursory and general pleading against Rowland and find it is fraudulently joined as this matter

is a coverage dispute in which Rowland cannot be liable as a matter of law.

## 2.    FRAUDULENT JOINDER - BREACH OF FIDUCIARY DUTY

17.    Plaintiffs' claim for breach of fiduciary duty against Rowland must fail because

Oklahoma does not recognize a fiduciary duty by an insurance agent to an insured.  *See*

*Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999) ("There are no Oklahoma

cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an

established customer with respect to procurement of an additional policy."); *Slover v.*

*Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006); *Smith v. Allstate*

*Vehicle and Property Ins. Co.* 2014 WL 1382488 (W.D. Okla. Apr. 8 2014) (finding

fraudulent joinder of agent).

## 3.    FRAUDULENT JOINDER - CONSTRUCTIVE FRAUD/NEGLIGENT MISREPRESENTATION

18.    Plaintiffs' constructive fraud claim fails because there is no duty to "notify"

an insured about the "nature" of the insurance purchased.  Oklahoma law is clear that

"insurance companies and their agents do not have a duty to advise an insured with respect

to his insurance needs".  *Rotan v. Farmers Ins. Group of Cos., Inc.*, 83 P.3d 894, 895 (Okla.

Civ. App. 2004); *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013)

(holding no duty to provide an "adequate amount" of coverage); *Mueggenborg v. Ellis*, 55

P.3d 452, 453 (Okla. Civ. App. 2002) (holding no statutory or common law duty to advise

as to amount of insurance); *Silver v. Slusher*, 770 P.2d 878, 882 n.11 (Okla. 1988) (holding

no duty to explain coverage terms to insured). Rowland has no duty under Oklahoma law to "notify" Plaintiffs about the "nature and character" of their insurance or to provide "appropriate and adequate coverage."

19.      There is also no allegation, much less supporting facts, in the Complaint that Rowland failed to obtain insurance on the house. In fact, Plaintiffs admit they purchased a homeowners policy with replacement cost coverage from Defendant (though this was not true), and that it was in effect at the time of the loss. See generally Docket No. 1-1 at 2, 7-8. Plaintiffs failure to identify an existing duty recognized under Oklahoma law that was owed and breached by Rowland is fatal to their constructive fraud/misrepresentation claims. *Cosper*, 309 P.3d at 149-50.

20.      The constructive fraud claim also fails because it rests upon alleged statements regarding the future performance of the policy. Under Oklahoma law, a misrepresentation "must be regarding existing facts and not to future events." *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272, 1282 (N.D. Okla. 2006) (quoting *Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989). Even assuming *arguendo* that the alleged statements were made by Rowland, Plaintiffs cannot reasonably be said to have "relied" on those statements because they received a copy of the Policy and are bound by Oklahoma law to read and know its terms and conditions. *Id.* at 1282-83 (dismissing constructive fraud claim because plaintiffs received a copy of the policy). In short, "[a]n action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with

reasonable diligence." *Bankers Trust Co. v. Brown*, 107 P.3d 609, 614 (Okla. Civ. App. 2004) (quoting *Silver*, 770 P.2d at 881).

21.     Plaintiffs' fraud claim also fails because it is based on an event that never occurred – the total loss of Plaintiffs' house.  Plaintiffs have not alleged that their house was totally destroyed (because it was not) or that it cost more to replace the dwelling than the face amount of the Policy.  The replacement cost of Plaintiffs' house is not at issue in this case. Therefore, they cannot reasonably be said to have relied on the alleged statements regarding the replacement cost of the dwelling, nor could they have been "damaged" by them.[2]

22.     Finally, Plaintiffs' fraud claims are deficient under Oklahoma (or federal) pleading rules. The allegations of the Complaint do not, on their face, rise to the level of fraud as required under either the Oklahoma or federal rules of civil procedure.  No allegations have been made that give notice: (1) a false, material representation was made; (2) when the representation was made or known to be false; (3) where the representation was made; (4) or, importantly, that the representation was made with the intention that the representation should be acted upon by Plaintiffs.  76 O.S. § 3; *Steiger v. Commerce Acceptance of Oklahoma City, Inc.*, 455 P.2d 81, 86 (Okla. 1969) (all elements of fraud must be present, absence of any one is fatal to claim); *see also* Federal Rule of Civil Procedure 9.

---

[2] In any event, the sole remedy for that cause of action would be premium reimbursement under 36 O.S. § 4804; *Scoufos v. State Farm Fire and Casualty Co.*,41 P.3d 366, 370 (Okla. 2001) (unless Plaintiff alleges a total destruction of their property – which is a precondition to recovery under the statute – her claims would fail on the face of the Complaint).

23.     Simply reading the Complaint reveals that the allegations of wrongful conduct contain nothing more than allegations of purported legal theories and conclusions. There are no actual, concrete facts. The allegations were solely made to defeat diversity jurisdiction, and the claims should be dismissed. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist. To the contrary, whether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.").

## 4.     FRAUDULENT JOINDER - NEGLIGENT PROCUREMENT/NEGLIGENT UNDERWRITING

24.     The negligence-based claims against Rowland also fail because an agent has no duty under Oklahoma law to advise an insured regarding insurance needs, underwriting needs, or to monitor a policy for "appropriate" coverage. Plaintiffs' negligence claims rest upon alleged acts or omissions regarding terms of coverage and/or the amount of coverage. Docket 1-1 at 7-14. As discussed above, Rowland has no duty to advise Plaintiffs regarding their insurance needs, including the amount of insurance. *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013). Further, the unambiguous terms of the Policy, including the amount of stated coverage, directly contradict the generically alleged negligent

oral statements and actions by Rowland.[3]  The Policy clearly sets forth in the provision

entitled "Loss Settlement" that Defendant's payment obligations are on an actual cash value

basis until the insured repairs or replaces the damaged property and submits a claim for the

difference.  Exhibit 5 at 11-12.

25.    Oklahoma law provides that "[a]n applicant for insurance, who accepts a policy

the provisions of which are plain, clear, and free from all ambiguity, is chargeable with

knowledge of its terms and legal effect."  *National Fire Ins. Co. of Hartford v. McCoy*, 239

P.2d 428, 430 (Okla. 1951); *see also Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp.

2d 1272 (N.D. Okla. 2006). ("It is well established under Oklahoma law that insureds have

a duty 'to examine, read, and know the contents of the policy before accepting and paying

the premium therefor, and, having failed or neglected to do so [,they are] estopped from

denying knowledge of its terms or conditions.'") (quoting *Liverpool & L. & G. Ins. Co. v.

T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. 1902)).

26.    Plaintiffs' argument concerning the specific policy provision dealing with

replacement of property before depreciation is paid on the claim has been before other courts

in this and other states. The great majority of these courts have resoundingly and repeatedly

rejected arguments identical to Plaintiffs' regarding the replacement cost provision.

27.    In the case of *Truesdell v. State Farm Fire and Casualty Co.*, 960 F. Supp.

1511 (N.D. Okla. 1997), Judge Kern of the United States District Court for the Northern

---

[3]   Oral discussions are merged into and superseded by the terms of a written
agreement.  *Bonner v. Okla. Rock Corp*, 863 P.2d 1176, 1180 (Okla. 1993).

District of Oklahoma rejected the identical argument presented by the Plaintiff herein. The *Truesdell* plaintiffs suffered a fire to their residence in 1996. *Id.* at 1513. The plaintiffs reported their loss to State Farm, and State Farm began investigating the loss. *Id.* An estimate was completed, and State Farm issued a draft to the plaintiffs for the actual cash value of the residence minus depreciation, the insurance deductible, and overhead and profit costs to be paid to the contractor assuming the repairs. *Id.* at 1514. The payment was made pursuant to the terms of the insurance policy, which contained nearly identical language to the policy made the basis of the instant suit. *Id.* The plaintiffs rejected the payment and filed suit against State Farm.

28.     The Court was asked to determine whether the replacement cost clause in the insurance contract was unconscionable or void as a matter of public policy in Oklahoma. *Id.* at 1515. The Court undertook an *Erie*-analysis on the issue, finding it to be one of first impression in Oklahoma.[4]  Significantly, the analysis began by noting the argument of unconscionability in a contract claim was <u>directly related</u> to a claim of fraud and deceit - as Plaintiff has alleged in the instant case.[5]  *Truesdell*, 960 F. Supp. at 1516 (citing *Barnes v.*

---

[4] The Court noted the plaintiffs had founded their argument on the Oklahoma Court of Civil Appeals decision in *Coblentz v. Oklahoma Farm Bureau Mutual Insurance Co.*, 915 P.2d 938 (Okla. Civ. App. 1995), an intermediate appeals court decision finding such a replacement cost provision unconscionable and against public policy. The decision was disregarded by the District Court, and, as per Judge Kern's prediction, was not long lived. *See Bratcher v. State Farm Fire and Cas. Co.*, 961 P.2d 828 (Okla. 1998) (discussed further *infra*).

[5] Though Plaintiffs have attempted to couch their claims in terms of "negligence," perhaps in an effort to avoid the particularity requirements of Federal Rule of Civil Procedure 9.

*Helfenbein*, 548 P.2d 1014, 1020 (Okla. 1976) ("Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties, together with contractual terms which are unreasonably favorable to the other party.")). The Court then conducted a survey of jurisdictions regarding the issue of the replacement cost provision in insurance policies, and concluded that the <u>overwhelming majority</u> of jurisdictions had found the provision to be valid, enforceable, and not contrary to public policy. *Id.* at 1516. Concluding that the replacement cost coverage clause was clear and unambiguous, the Oklahoma Supreme Court would not find the clause unconscionable or void as a matter of public policy, and denied relief to the plaintiffs. Notably, the Court highlighted the fact that the plaintiffs had made "a conscious choice to pay an additional premium for the replacement cost endorsement which clearly stated that replacement costs would not be paid unless repairs were made." *Truesdell*, 960 F. Supp. at 1517. The Court went on to note that "[a]llowing the insured to recover replacement cost with no intention of replacing or repairing the damaged property would disregard the risk limiting nature of insurance contracts." *Id.*

29.     Subsequent to the Court's decision in *Truesdell*, the Oklahoma Supreme Court made the definitive pronouncement on the issue. In *Bratcher v. State Farm Fire and Casualty Co.*, 961 P.2d 828 (Okla. 1998), the Court considered nearly identical circumstances to the allegations made in this lawsuit. The plaintiff had made a claim for a loss on a renters policy with a replacement cost provision, making a demand for replacement

cost on the items that had not yet been replaced.  *Id.* at 829.  Citing the clear and

unambiguous policy language, State Farm declined to make payment as demanded.  *Id.*  The

plaintiff sued for breach of contract and bad faith, and judgment in the trial court was entered

for State Farm.  *Id.*  As Judge Kern predicted in *Truesdell*, the Court expressly overruled

prior Oklahoma law to the extent it applied the doctrine of unconscionability to the

complained-of provision, and found the provision to be clear and unambiguous, "whose plain

and ordinary meaning must be accepted."  *Id.* at 831; *see also Pope v. Farmers Ins. Co., Inc.*,

962 P.2d 1284 (Okla. 1998).

## 5.   FRAUDULENT JOINDER - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30.   Rowland is Plaintiffs' current insurance agent.  Plaintiffs have sued it for

breach of the duty of good faith and fair dealing.  Oklahoma law does not recognize the

ability to bring suit for this tort against an agent.

31.   In *Christian v. American Home Insurance Co.*, 577 P.2d 899 (Okla. 1977) the

Oklahoma Supreme Court recognized an extra-contractual (or quasi-contractual, since the

relationship is created by the insurance contract) cause of action that an insured could pursue

against an insurer.  After announcing the Court was recognizing a duty of good faith and fair

dealing, the Oklahoma Supreme Court stated:

> We do not hold that an insurer who resists and litigates a claim made by its
> insured does so at this peril that if it loses the suit or suffers a judgment against
> it for a larger amount than it had offered in payment, it will be held to have
> breached its duty to act fairly and in good faith and thus be liable in tort.

> We recognize that there can be disagreements between insurer and insured on
> a variety of matters such as insurable interest, extent of coverage, cause of
> loss, amount of loss, or breach of policy conditions.  Resort to a judicial forum
> is not per se bad faith or unfair dealing on the part of the insurer regardless of
> the outcome of the suit.  Rather, tort liability may be imposed only where there
> is a clear showing that the insurer unreasonably, and in bad faith, withholds
> payment of the claim to its insured.

*Id.* at 904-905.

32.    Later, in *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907 (Okla. 1982), the

Oklahoma Supreme Court held that an employee of the insurer, as a stranger to the insurance

contract, could not be held liable for breach of contract or bad faith.  This was because any

tort damages not arising out of the adjustment and evaluation of a claim (damages other than

for breach of the duty of good faith and fair dealing) must be those damages that "do not

arise from" a contract.  *St. Paul Reinsurance Company, Ltd., v. Club Services Corp.*, 30 Fed.

Appx. 834 (10th Cir. 2002) (applying Oklahoma law).  However, since the conduct

complained of solely related to the adjustment and evaluation of the claim, the only duty

owed to the insured was by the insurer – the party to the contract:

> Normally, only the insurer owes the duty of good faith and fair dealing to its
> insured. Agents of the insurer--even agents whose acts may have been material
> to a breach of the duty--do not normally owe the insured a duty of good faith
> since agents are not parties to the insurance contract.

*Wathor v. Mutual Assur. Adm'rs, Inc.*, 87 P.3d 559, 562 (Okla. 2004) (quoting *Timmons*, 653

P.2d at 912-13).  The Oklahoma Supreme Court went on to state that the holding was sound,

because "the insured is adequately protected by the nondelegable duty that the law imposes

on the **insurer**."  *Id.* (emphasis added).

33.    Plaintiff's attempts to place liability on their agent in this situation was expressly rejected by the majority of the Oklahoma Supreme Court in *Wathor*:

> The dissent would extend direct liability for bad faith to the insurer's agents (e.g., adjusters, claims representatives, investigators employed by the insurer, and perhaps attorneys employed by the insurer), despite the fact that these agents are not insurers and are strangers to the insurance contract which gives rise to the duty of good faith on the part of the insurer. This is contrary to our holding in Timmons that agents of the insurer--even agents whose acts may have been material to a breach of the duty--do not normally owe the insured a duty of good faith since agents are not parties to the insurance contract.

*Id.* at 563 n.6.

34.    As Rowland is a stranger to the insurance contract, and Plaintiffs have not alleged any facts which would suggest tort liability should attach to it under Oklahoma law, it has been fraudulently joined.

## 6.    FRAUDULENT JOINDER - CONSUMER PROTECTION ACT

35.    It is safe to assume Plaintiffs' cause of action under Oklahoma's Consumer Protection Act arises out of all the same transactions and occurrences made the basis of their other causes of action – because they allege not one single fact in support of such cause of action; rather, they offer a rote listing of alleged elements of such.  To that end, State Farm reincorporates and reasserts its arguments to Plaintiffs' other causes of action. *See, e.g.*, Jones v. Allstate Ins. Co., 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) ("Plaintiffs' Petition contains . . . nothing on which a claim could be made against [the non-diverse defendant]. . . . This Court is bound to limit its analysis to 'the allegations of the complaint to determine

whether, under state law, the complaint states a claim against the in-state defendant . . . .'"

(citing *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006))).

## 7.    FRAUDULENT JOINDER - STATUTE OF LIMITATIONS

36.    It is well established under Oklahoma law that insureds have a duty "to examine, read, and know the contents of the policy before accepting and paying the premium therefor, and, having failed or neglected to do so [, they are] estopped from denying knowledge of its terms or conditions." *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (1902). Plaintiffs applied for the policy at issue here in 2001 and could have rejected, amended, or modified it if it did not meet their expectations. Exhibit 6 (Application). They did none of those things. Rather, Plaintiffs elected to keep the policy, and are therefore deemed to have been on notice of the policy's terms since 2001.

37.    All Plaintiffs' claims against Rowland are subject to a two-year statute of limitations. 12 O.S. § 95. Thus, all the statute of limitations applicable here would have expired in September 2009.

38.    State Farm files contemporaneously herewith all pleadings or other documents on file in the State Court matter, including a copy of the Court's docket sheet, attached hereto as Exhibit 7 , with the exception of the Plaintiffs' Complaint attached hereto as Exhibit 1, and the Summons issued upon State Farm and Rowland are attached hereto as Exhibit 2.

WHEREFORE, PREMISES CONSIDERED, STATE FARM FIRE AND CASUALTY COMPANY, Defendant, pursuant to and in conformity with the requirements

set forth in 28 U.S.C. § 1446, removes *Billy and Lori Harris v. State Farm Fire and Casualty Company and Todd Rowland Insurance, Inc.*, Case No. CJ-2014-308, In the District Court of Canadian County, State of Oklahoma, on this, the 2nd day of October, 2014.

Respectfully submitted,

By___/s/Benjamin G. Kemble_____
    David V. Jones, OBA #19611
    Benjamin G. Kemble, OBA #21006
21 E. Main St., Suite 101
Oklahoma City, Oklahoma 73104
Telephone:  (405) 601-8713
Facsimile:  (405) 232-8330
**ATTORNEYS FOR DEFENDANTS,
STATE FARM FIRE AND CASUALTY
COMPANY AND TODD ROWLAND
INSURANCE, INC.**

**OF COUNSEL:
JONES, ANDREWS & ORTIZ, P.C.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of October, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants and/or in accordance with the Federal Rules of Civil Procedure:

J. Drew Houghton
Foshee & Yaffe
P.O. Box 890420
Oklahoma City, OK 73189
dhoughton@fosheeyaffe.com

Larry Bache
Merlin Law Group
777 S. Harbour Blvd., 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com

Phillip N. Sanov
Merlin Law Group
Three Riverway, Suite 701
Houston, TX 77056
psanov@merlinlawgroup.com

/s/Benjamin G. Kemble
Benjamin G. Kemble